CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 08 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERNEST HAMPTON TURNER, | ) | CASE NO. 7:14CV00478 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| TIMOTHY E. TRENT, ET AL., | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Ernest Hampton Turner, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the Blue Ridge Regional Jail, Campbell County, and Lynchburg, and the jail's administrator, alleging various violations of his constitutional rights. After review of the record, the court concludes that Turner's complaint must be summarily dismissed without prejudice, because his allegations state no actionable claim against the defendants he has sued.

I

Turner alleges that after being initially assigned to a bottom bunk at the jail, he was moved to a top bunk. He told jail officials that he needed a bottom bunk because of his health and mental illness issues,[1] but they told him he did not meet guidelines for a bottom bunk assignment. After being transferred to another jail facility, Turner again received a top bunk and asked for reassignment. The doctor there allegedly told him that only inmates who weighed over 200 pounds or were pregnant could have a bottom bunk, and Turner's medical history did not warrant a bottom bunk assignment. Twice, Turner fell out of his bunk. Once he was knocked unconscious and was taken to the hospital, where he received six staples in the back of his head. The second time he fell, he got five or six stitches over his right eye. Then, as he was trying to

---

[1] Turner states that since having severe motorcycle accident that left him in a coma for some time, he has suffered from "ni[ght]mares and loss of equ[i]libruim." (Compl. 2.)

climb onto the top bunk, he slipped and fell, breaking several of the stitches. Officials refused to take him to the hospital, and a nurse merely gave him a band-aid. In a separate claim, Turner asserts that jail officials wrongfully detained him in 2012 for a sentence from 2010 that he had already served. For these alleged violations, Turner seeks monetary damages.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

First, Turner cannot pursue a § 1983 claim against the jail, as the jail is not a "person" subject to suit under § 1983. Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding city jail immune from suit and not a person for purposes of § 1983). Therefore, Turner's claims against the jail must be summarily dismissed under § 1915A(b)(1) as frivolous.

Second, Turner fails to allege any respect in which the jail administrator was personally involved in any of the alleged violations. Apparently, Turner seeks to impose liability on this defendant merely based on his supervisory position at the jail, which is not a viable claim under § 1983. "[L]iability will only lie where it is affirmatively shown that the official charged acted

2

personally in the deprivation of the plaintiffs' rights [because t]he doctrine of respondeat superior has no application" under § 1983.[2] Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (internal citations omitted). Because Turner states no facts indicating that the administrator's actions or omissions deprived him of constitutionally protected rights, he states no claim against this defendant.

Third, Turner has not stated facts supporting any actionable claim against the county or the city. A municipality (such as a city or county) may not be held liable under § 1983 solely because it employs the person or persons who violated the plaintiff's federal rights. A municipality, or department of a municipality, is only a "person" that can be sued under § 1983 if the alleged unconstitutional action puts into effect the municipality's policy or custom. Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978). It follows, then, that a plaintiff must identify a municipal "policy" or "custom" that caused the deprivation of the plaintiff's federal rights in order to state a claim against the municipality. Board of County Commissioners v. Brown, 520 U.S. 397 (1997). If the constitutional deprivations did not occur pursuant to any official policy or custom of the county or the city, those entities cannot be held liable under §1983. Hughes v. Blankenship, 672 F.2d 403, 405-06 (4th Cir. 1982). Because Turner fails to name a policy or custom promulgated by Campbell County or Lynchburg that deprived him of a federal right, he has not stated any actionable § 1983 claim against these defendants.

---

[2] Moreover, Turner has not stated facts supporting a constitutional claim against anyone concerning his desire for a bottom bunk. Neither of the doctors who examined Turner identified any medical reason that he needed a bottom bunk assignment. Neither Turner's disagreement with the doctors' medical decisions nor his implication that the doctors negligently diagnosed his needs gives rise to a constitutional claim. See Estelle v. Gamble, 429 U.S. 97, 102, 105-06 (1976) (finding only deliberate indifference to serious medical need states constitutional claim regarding prison medical care; mere medical malpractice does not violate constitutional rights); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (finding disagreement between inmate and prison doctor regarding diagnosis and course of treatment does not implicate Eighth Amendment). In addition, the jail administrator could rightfully rely on the opinion of the medical staff as to the proper course of treatment or accommodations necessary for an inmate's medical conditions. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990).

3

For the stated reasons, the court will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1). The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 8th day of December, 2014.

/s/ Jsu Conrad
Chief United States District Judge